UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

RING'S CROSSROADS MARKET INC.,                                          Plaintiff,

v.                                                  Civil Action No. 1:14-cv-00105-DJH

CINCINNATI INDEMNITY COMPANY and
REBECCA CLACK,                                          Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

On September 29, 2013, fire destroyed Ring's Crossroads Market (RCM), a convenience store in Smiths Grove, Kentucky. RCM subsequently filed a claim for insurance coverage with its carrier, Cincinnati Indemnity Company (CIC). After CIC essentially denied the claim, RCM filed suit against CIC in Edmonson Circuit Court. RCM also sued Rebecca Clack, an insurance adjuster who worked for CIC on RCM's claim. Despite the fact that Clack is a Kentucky resident, she and CIC removed the case to this court on the basis of diversity jurisdiction, arguing that Clack had been fraudulently joined to prevent removal. Clack moved for judgment on the pleadings (Docket No. 8), asserting that Plaintiff's claims against her are foreclosed by Kentucky law. RCM denies that its claims against Clack are prohibited and has moved for remand to Edmonson Circuit Court (DN 10), citing lack of diversity. Because the Court finds that Clack was fraudulently joined, the Motion to Remand will be denied. And because Kentucky law forecloses any possibility of recovery against Clack, Clack's Motion for Judgment on the Pleadings will be granted, and Clack will be dismissed as a defendant.

## I. BACKGROUND

The parties agree that Clack was the insurance adjuster for CIC and that at all times relevant to the current dispute, she was acting on behalf of CIC. (DN 1-1 Page ID # 10 at ¶ 24; DN 7 Page ID# 58 at ¶ 24) However, RCM alleges that a "pattern of delay and obfuscation" in Clack's evaluation of the fire amounts to common law negligence or gross negligence; a violation of Kentucky's Unfair Claims Settlement Practices Act (UCSPA), Ky. Rev. Stat. § 304.12-230; and a violation of the Kentucky Consumer Protection Act, Ky. Rev. Stat. § 367, *et seq*. (DN 1-1 PAGE ID # 9, 10–11 at ¶¶ 13, 20–25, 30–36) Clack counters that Kentucky law forecloses any recovery on these claims against an individual insurance adjuster.

RCM filed suit in the Edmonson County Circuit Court on July 28, 2014. (DN 1) The parties agree that RCM and Clack are citizens of Kentucky, while CIC is a citizen of Ohio. (DN 1-1 ¶ 7–9, Page ID # 8; DN 7 Page ID# 56 at ¶ 7–9) However, Clack and CIC removed the action to this court on August 15, 2014, claiming that Clack's citizenship should be disregarded for purposes of diversity because RCM has stated no colorable cause of action against Clack. (DN 1 Page ID # 2 at ¶ 7) Thereafter, Clack filed her motion for judgment on the pleadings and RCM filed a motion for remand.

## II. STANDARD

### A. Motion for Judgment on the Pleadings

"[T]he legal standards for adjudicating Rule 12(b)(6) and Rule 12(c) motions are the same." *Lindsay v. Yates*, 498 F.3d 434, 437 n.5 (6th Cir. 2007). In order to overcome such motions, a plaintiff must allege facts that, if accepted as true, are sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007)). "[W]here the well-pleaded facts do not permit

2

the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Top Flight Entm't, Ltd. v. Schuette*, 729 F.3d 623, 630 (6th Cir. 2013) (alteration in original and internal quotation marks omitted) (quoting *Iqbal*, 556 U.S. at 679). "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 544). "A pleading that only offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

### B. Jurisdiction and Joinder

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by . . . the defendants." 28 U.S.C. § 1441(a). The burden to establish jurisdiction is on the removing party. *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 494 (6th Cir. 1999). Despite Clack's Kentucky citizenship, Defendants claim diversity jurisdiction under 28 U.S.C. § 1332 on the ground that Clack is fraudulently joined. Fraudulent joinder is "a judicially created doctrine that provides an exception to the requirement of complete diversity." *Coyne*, 183 F.3d at 493 (quoting *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998)). "A party who removes a case involving non-diverse parties to federal court on diversity grounds will defeat a motion to remand if it can show that the non-diverse parties were fraudulently joined." *Walker v. Philip Morris USA, Inc.*, 443 F. App'x 946, 951 (6th Cir. 2011) (citing *Saginaw Hous. Comm'n v. Bannum, Inc.*, 576 F.3d 620, 624 (6th Cir. 2009); *Coyne*, 183 F.3d at 493; *Probus v. Charter Comm., LLC*, 234 F. App'x 404, 406 (6th Cir. 2007)).

Fraudulent joinder exists where "it [is] clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law." *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994). "However, if there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, this Court must remand the action to state court." *Coyne*, 183 F.3d at 493. "[A] claim is colorable 'if the state law *might* impose liability on the resident defendant under the facts alleged.'" *Kent State Univ. Bd. of Trs. v. Lexington Ins. Co.*, 512 F. App'x 485, 489 (6th Cir. 2013) (*citing Filla v. Norfolk S. Ry. Co.,* 336 F.3d 806, 810 (8th Cir. 2003)). In deciding whether a defendant has been fraudulently joined, the district court must resolve "'all disputed questions of fact and ambiguities in the controlling . . . state law in favor of the nonremoving party.'" *Coyne*, 183 F.3d at 493 (omission in original) (quoting *Alexander*, 13 F.3d at 949).

The standard required for proving fraudulent joinder is more substantial than the motion to dismiss standard under Fed. R. Civ. P. 12(b)(6) and 12(c). *See Walker*, 443 F. App'x at 953–54 (internal citations omitted) (discussing the development of fraudulent joinder law). Even under this heavy burden, Clack has demonstrated that there is no colorable claim against her, that she was fraudulently joined, and that she is entitled to judgment on the pleadings.

### III. DISCUSSION

While ambiguities in the controlling state law must be construed in the non-removing party's favor, *Coyne*, 183 F.3d at 494, no such ambiguities are present in this case. Each of RCM's allegations against Clack is fatally flawed because Kentucky law unambiguously prohibits RCM's claims.

A. **Kentucky law unambiguously forecloses UCSPA actions against adjusters for bad faith.**

RCM's complaint alleges, in general terms, that Clack violated the UCSPA by exercising bad faith. The UCSPA prohibits "any person" from committing a litany of acts deemed unfair insurance practices. For purposes of the UCSPA, "[p]erson includes an individual, insurer, company, association, organization, Lloyd's insurer, society, reciprocal insurer or inter-insurance exchange, partnership, syndicate, business trust or corporation, and every other related legal entity." Ky. Rev. Stat. § 304.1-020.

As an individual, Clack might appear to be included within this definition. However, the Kentucky Supreme Court has limited the definition of "individual" for purposes of the UCSPA. "Obviously, this definition was intended to apply only to 'an individual, etc.' who is engaged in the business of insurance." *Davidson v. Am. Freightways, Inc.*, 25 S.W.3d 94, 98 (Ky. 2000). In analyzing this definition, the *Davidson* court concluded that the statute governed those "engaging 'in the business of entering into contracts of insurance.'" *Id.* (citing Ky. Rev. Stat. § 304.1-040).

In subsequent decisions, this Court and others have found that *Davidson* forecloses any bad faith actions against adjusters, absent privity. *See, e.g.*, *Madison v. Nationwide Mut. Ins. Co.*, No. 1:11-CV-157-R, 2012 WL 692598, at *1 (W.D. Ky. Mar. 2, 2012) ("[Courts in this district] have uniformly held that, absent a contractual obligation, a plaintiff may not sue an insurance adjuster for bad faith"); *Lisk v. Larocque*, No. 3:07-cv-718-S, 2008 WL 2116466 at *4 (W.D. Ky. May 19, 2008) ("[U]nder *Davidson* a claims adjuster with no contractual obligation to pay claims cannot be sued in Kentucky for bad faith."); *Malone v. Cook*, No. 3:05-511-C, 2005 WL 2758091 at *2 (W.D. Ky. Oct. 25, 2005) ("Absent a contractual obligation, an insurance adjuster cannot be liable for common-law or statutory bad faith."). Privity is required because "a cause of action for bad faith arises out of a *breach of contract* 'so great that it would constitute

5

tortious conduct on the part of the insurance company.'" *Davidson*, 25 S.W.3d at 100 (emphasis added) (quoting *Feathers v. State Farm Fire & Cas. Co.*, 667 S.W.2d 693, 696 (Ky. App. 1983)); *see also Republic W. Ins. Co. v. West*, Nos. 2008–CA–001690–MR, 2008–CA–001691–MR, 2012 WL 5273995 at *4 (Ky. App. Oct. 26, 2012) ("A UCSPA violation must arise from a contractual obligation to pay the claimant.").

Despite the prevailing law, RCM relies on a policy argument, insisting that "insulating individuals engaged in the business of adjusting insurance claims from liability if they commit bad acts that violate the UCSPA is contrary to the purpose of the UCSPA." (DN 11, Page ID# 111). However, "the UCSPA was clearly intended to regulate the conduct of insurance companies." *Davidson*, 25 S.W.3d at 96. Thus, while Clack's actions on behalf of CIC could potentially create bad faith liability for CIC, the purposes of the UCSPA do not require—or provide—parallel individual adjuster liability.

Kentucky law unambiguously requires privity of contract for a bad faith UCSPA action to exist. RCM alleges no contractual relationship with Clack and omitted Clack from its breach of contract claim. (*See* DN 1-1 Page ID# 10–11 at ¶¶ 26–29) Absent a contractual relationship between RCM and Clack, no colorable UCSPA cause of action exists against Clack.

**B. No cause of action under the Kentucky Consumer Protection Act is colorable against Clack.**

In actions against insurance adjusters, "the same three elements necessary to prove bad faith under Kentucky law must also be proven in a claim under the Consumer Protection Act." *Wolfe v. State Farm Fire & Cas. Co.*, No. 3:10-CV-545-H, 2010 WL 4930680, at *3 (W.D. Ky. Nov. 30, 2010) (quoting *Baymon v. State Farm Ins. Co.*, 257 F. App'x 858, 863 (6th Cir. 2007)). Just as privity is required for bad faith liability, liability premised on the Kentucky Consumer Protection Act requires privity of contract between the parties. *Anderson v. Nat'l Sec. Fire &*

6

*Cas. Co.*, 870 S.W.2d 432, 436 (Ky. Ct. App. 1993) ("The legislature intended that privity of contract exist between the parties in a suit alleging a violation of the Consumer Protection Act"). RCM thus has stated no colorable cause of action against Clack under the Kentucky Consumer Protection Act.

    **C. RCM has stated no colorable negligence cause of action against Clack.**

In its complaint, RCM summarily alleges that Clack owed RCM a duty of reasonable care and, therefore, may be sued for negligence. (DN 1-1 Page ID # 10 at ¶ 21). In its brief, RCM argues that *Associated Insurance Services, Inc. v. Garcia*, 307 S.W.3d 58 (Ky. 2010) suggests that individual insurance adjusters owe a duty of care to claimants.[1] Yet, *Garcia* does not stand for that proposition. Rather, *Garcia* addressed the assignability of professional negligence claims against insurance agents and brokers. The court explained that insurance agents and brokers—because of agency principles—owe a coexisting duty of care to both their clients and their principals, insurance companies. *Id.* at 63.

However, the agency relationship between a broker and a claimant is distinct from the relationship of an adjuster to a claimant. "The Kentucky Court of Appeals [has] held that an insurance broker is an agent of the insured." *Daugherty v. Am. Express Co.*, No. 3:08-CV-00048, 2010 WL 4683758, at *3 (W.D. Ky. Nov. 12, 2010) *aff'd sub nom. Daugherty v. Am. Exp. Co.*, 485 F. App'x 746 (6th Cir. 2012). By contrast, individual adjusters are only agents of the insurer. *See Brown v. Noland Co.*, 403 S.W.2d 33, 36 (Ky. 1966); 44A Am. Jur. 2d

---

[1] RCM also cites *Helton v. Montgomery*, 595 S.W.2d 257, 258 (Ky. Ct. App. 1980) for the proposition that all individuals owe every other individual a duty of reasonable care. However, nothing in *Helton* states such a duty. Rather, *Helton* discusses the nature of duties only under the doctrines of dangerous instrumentalities or attractive nuisance, neither of which apply to the matter before this Court.

Insurance § 1639. RCM has identified no basis under Kentucky law to suggest Clack owed RCM a duty of care. RCM's negligence claim against Clack must be dismissed.

## IV. CONCLUSION

The Defendants have demonstrated that no colorable claim has been pleaded against Clack and that she was fraudulently joined in this action. Accordingly, this Court has diversity jurisdiction over this matter, and the Motion to Remand (DN 10) is **DENIED**. Furthermore, because Clack has shown that RCM failed to state a plausible claim against her, the Motion for Judgment on the Pleadings (DN 8) is **GRANTED**, and Defendant Clack is **DISMISSED** from the case.

August 3, 2015

**David J. Hale, Judge**
**United States District Court**